IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**CAROL J. ADAMS**                                                                                    **PLAINTIFF**

v.                            Civil No. 5:16-cv-05034

**MIRANDA COLLINS, Case Worker,**
**Department of Human Services (DHS);**
**LEON DAZ, Case Worker, DHS;**
**RASHEDA MORRIS, Case Worker,**
**DHS; and MELINDA McILROY,**
**Attorney for DHS**                                                                                **DEFENDANTS**

### OPINION AND ORDER

This is a civil rights case filed by the Plaintiff Carol J. Adams under the provisions of 42 U.S.C. § 1983. Adams proceeds *pro se* and *in forma pauperis* (IFP). She is currently incarcerated in the Grimes Unit of the Arkansas Department of Correction.

The Prison Litigation Reform Act (PLRA) modified the IFP statute, 28 U.S.C. § 1915, to require the Court to screen complaints for dismissal under § 1915(e)(2)(B). The Court must dismiss a complaint, or any portion of it, if it contains claims that: (a) are frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

### I. BACKGROUND

According to the allegations of the Complaint (Doc. 1), on December 20, 2013, Plaintiff willingly placed her minor daughter into the custody of the Department of Human Services (DHS). Plaintiff asserts that she "was never once asked to provide authorities with able-bodied caregivers that were/are able to provide for minor child." *Id.* at p. 4. Plaintiff

contends this failure to allow her to provide a list of able-bodied caregivers was in "direct violation of the court ordered *Ex Parte* order and also the Petition for Emergency Custody/Dependency Neglect." *Id.*

Plaintiff alleges there was also a clause in the orders that stated that "mental health care may be ordered for adult and/or juvenile." *Id.* She asserts that no mental health care was ever requested.

A hearing was held on December 26, 2013, at which Plaintiff was present, as was the paternal grandmother. Despite this, the *Ex Parte* order was still put in effect. Plaintiff alleges she has "tried repeatedly to offer family info and asked for any services available." *Id.* Plaintiff also alleges the "paternal brothers have tried to reach any one in DHS office. All defendants are guilty of intentional contempt of court." *Id.*

As relief, Plaintiff asks this Court to order the DHS and the Defendants to follow the terms of the *Ex Parte* Order for Emergency Custody. In particular, she asks that she be allowed to provide them with information on all maternal and paternal relatives available to care for her minor daughter.

## II. DISCUSSION

Under the PLRA, the Court is obligated to screen a case prior to service of process being issued. A claim is frivolous when it "lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). However, the Court bears in mind that when "evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded, . . . to less

stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014)(quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

The official-capacity claims against DHS officials—Miranda Collins, Leon Daz, Rasheda Morris, and Melinda McIlroy—are barred either by sovereign immunity or because in their official capacities the individuals are not considered to be persons for purposes of the civil rights statutes. See *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989)("neither a State nor its officials acting in their official capacities are 'persons' under § 1983"); *Zairael v. Harmon*, 677 F.3d 353, 355 (8th Cir. 2012)(per curiam)(plaintiff's claim for damages against state officials in their official capacities barred by sovereign immunity, as "[s]ection 1983 provides no cause of action against agents of the State acting in their official capacities"); *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008)(district court erred in failing to grant summary judgment for Missouri Department of Social Services on § 1983 claim, as Department was an arm of the State, and "a State is not a 'person' against whom a § 1983 claim for money damages might be asserted" (citation omitted)).

Moreover, the individual capacity claims are also subject to dismissal. Adams may not seek redress in federal court for issues related to custody of her daughter. Federal courts do not have jurisdiction over any "action for which the subject is . . . child custody." *Kahn v. Kahn*, 21 F.3d 859, 861 (8th Cir. 1994) (citation omitted)(federal courts may also abstain from exercising jurisdiction over cause of action related to an action for child custody).

### III. CONCLUSION

The Complaint fails to state a cognizable claim under § 1983 and is frivolous.

Therefore, it is **DISMISSED WITH PREJUDICE.** See 28 U.S.C. § 1915(e)(2)(B)(i)-(ii) (IFP action may be dismissed at any time due to frivolousness or for failure to state a claim).

**IT IS SO ORDERED** this 9th day of August, 2016.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE